# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT J. JADIN,**

        **Plaintiff,**

        v.                               Case No. 19-CV-1819

**WARD MFG, et al.,**

        **Defendants.**

# ORDER

Currently pending before the court is Plaintiff Robert Jadin's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Jadin's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Jadin's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Jadin's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to

poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). But Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), it nonetheless must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

2

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, __F.3d__, 2020 WL 240447 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* And, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Jadin's complaint (ECF No. 1 at 2-3). Jadin asserts he worked for Ward MFG from 2014 through 2016 and was injured in 2014 while working. (*Id.* at 2.) The basis for his discrimination claim is that he was treated differently from other employees who had the same injury as he did. (*Id.* at 3.) He also alleges retaliation. (*Id.* at 2-3.) Jadin states, "While going through the Worker[']s Comp. process, Wendy Panaro at Ward MFG sent the unemployment office a separation notice to the State. I did not become aware of this until my Worker[']s Comp. law firm requested my personal employee file from Ward MFG." (*Id.* at 2.) Jadin claims he received his employee file around October 25, 2017. (*Id.*) He asserts the separation notice was sent in retaliation for him filing a worker's compensation claim. (*Id.* at 2-3.) He states, "I filed the discrimination complaint within

4

the statute of limitations of when I was aware. I was never notified by Ward MFG of my termination." (*Id.* at 3.) Jadin does not allege when he filed his EEOC complaint. However, he does attach his dismissal and notice of rights letter, issued on September 16, 2019. (ECF No. 1-1 at 1.) His claim was dismissed because "[it] was not timely filed with EEOC[.]" (*Id.*)

Although "dismissing an action as untimely at the pleading stage is unusual, [the Court of Appeals for the Seventh Circuit] [has] held that a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness." *Grzanecki v. Bravo Cucina Italiana*, 408 Fed. Appx. 993, 996 (7th Cir. 2011) (citing *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). But the statute of limitations is an affirmative defense, Fed R. Civ. P. 8(c), and "plaintiffs need not anticipate and attempt to plead around all potential defenses. Complaints need not contain *any* information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

Jadin alleges that his injury occurred in 2014. He further alleges he became aware in October 2017 of a separation notice that he believes was sent in retaliation for him filing a worker's compensation claim. He does not allege when this separation notice was sent to the state. And, importantly, Jadin did not plead the date that he filed a complaint with

5

the EEOC. Accordingly, Jadin did not "plead [himself] out of court" and the court cannot yet agree with the EEOC that his suit was untimely filed. And Jadin's suit was timely filed with this court. (*See* ECF No. 1.)

Liberally construing Jadin's complaint, as the court must for all pleadings of non-attorneys, the court construes it as raising three claims. Jadin first alleges, "My position was protected through FMLA paperwork which I filed in 2016." (ECF No. 1 at 2.) However, the court does not construe this sentence as alleging either an FMLA interference or retaliation claim. In the event Jadin *does* wish to allege an FMLA claim, he should amend his complaint to do so.

Jadin further alleges that "Wendy Panaro sent [a] separation notice to the State in retaliation of me filing Worker[']s Comp." (ECF No. 1 at 2-3.) However, there is no federal cause of action for an employee alleging he was terminated in retaliation for filing a worker's compensation claim. Federal law gives rise to retaliation claims when someone exercises rights under federal laws, such as Title VII, the Americans with Disabilities Act, or the Rehabilitation Act. *See Cullom v. Brown*, 209 F.3d 1035, 1040 (7th Cir. 2000) ("Subsection 3(a) of 42 U.S.C. § 2000e 'has been construed to prohibit an employer from pursuing retaliatory measures … against an employee for exercising his or her rights under Title VII.'" (quoting *Reed v. Shepard*, 939 F.2d 484, 492 (7th Cir. 1991); *Clemens v. Speer*, No. 16-cv-467-wmc, 2017 WL 2684101, at *5 (E.D. Wis. June 21, 2017))). Nor is there a Wisconsin state law cause of action for an employee alleging he was terminated in

6

retaliation for filing a worker's compensation claim. *Brown v. Pick 'N Save Food Stores*, 138 F. Supp. 2d 1133, 1144 (E.D. Wis. 2001) ("At the present time neither [Wis. Stat.] § 102.35(2) nor Wisconsin case law authorizes employees who are terminated for filing worker's compensation claims to bring wrongful discharge actions against their employers."). Accordingly, this allegation fails to state a cognizable claim under either federal or state law.

Finally, Jadin may be asserting a disability discrimination claim—specifically, a claim for failure to accommodate his disability. Jadin alleges,

> Matt Hirst, Plant Manager at Ward MFG treated me differently for my back injury on the job than others with back injuries. I was receiving back therapy for 1 month until Matt Hirst said there was no other work for me. Another employee with a back injury at Ward MFG had therapy for at least 3 months and I believe he is still working there. I believe this to be discrimination when the employer treats people differently for the same ailment.

(ECF No. 1 at 3.) Jadin does not appear to be alleging he was treated differently because of a disability—there is no allegation that he was treated differently than someone without a disability. Rather, he appears to be alleging that he and a co-worker both had back injuries, yet Ward MFG did not accommodate his injury and find work for him but did accommodate someone else who was injured. This allegation could be liberally construed as a claim for failure to accommodate his disability. Construed in this manner, the court finds the complaint states a claim and satisfies the low standard necessary to proceed under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED** that Jadin's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon defendants**.** Even though Jadin has been permitted to proceed in forma pauperis in this case, he is still responsible for the cost of serving the complaint on the defendants. Jadin is advised that Congress requires the Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. The full fee schedule is provided in Revision to United States Marshals Service Fees for Services. 28 C.F.R. § 0.114(a)(2), (a)(3).

**IT IS FURTHER ORDERED** that the all of Jadin's filings with the court shall be mailed to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Jadin should also retain a personal copy of each document.

Jadin is further advised that failure to comply with all deadlines in this matter may have serious consequences which may include the loss of certain rights or the dismissal of this entire action.

In addition, Jadin must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 22nd day of January, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge