UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT J. JADIN,**

    **Plaintiff,**

  v.          Case No. 19-CV-1819

**WARD MFG, et al.,**

    **Defendants.**

---

## DECISION AND ORDER GRANTING IN PART
## AND DENYING IN PART MOTION TO DISMISS

---

### I. Procedural History

On August 10, 2018, plaintiff Robert J. Jadin filed a complaint with the Equal Rights Division (ERD) alleging that his former employer, Ward Manufacturing, discriminated against him based on his disability. (ECF No. 11-1.) The Equal Employment Opportunity Commission (EEOC) dismissed his ERD complaint on September 19, 2019, because it was not timely filed. (ECF No. 1-1 at 1.) On December 12, 2019, Jadin filed the present complaint in the Eastern District of Wisconsin against Ward Manufacturing and employees Matt Hirst and Wendy Panaro. (ECF No. 1 at 5.)

1

The court previously construed Jadin's complaint as raising three claims: a claim under the Family and Medical Leave Act (FMLA), a claim for retaliation for his having filed a worker's compensation claim, and a claim for failure to accommodate his disability. (ECF No. 4 at 6-7.) The court dismissed Jadin's claims regarding the FMLA and for retaliation for filing a workers' compensation claim. (*Id.*)

On April 30, 2020, the defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9.) All parties consented to the full jurisdiction of a magistrate judge in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). (ECF Nos. 3, 12.) Briefing on the motion is complete and the matter is ready for resolution.

## II.  Facts

The following facts are taken from Jadin's ERD complaint and his complaint filed in this court.

Jadin began working at Ward Manufacturing as a permanent employee on April 27, 2014. (ECF No. 11-1 at 3.) He sustained a back injury there on or about September 1, 2014. (ECF No. 1 at 2-3; ECF No. 11-1 at 3.) A doctor's letter dated August 31, 2016, states Jadin is "permanently disabled." (ECF No. 11-1 at 3.) After he received back therapy for one month, Ward Manufacturing's Plant Manager told Jadin there was no other work for him. (ECF No. 1 at 3.)

2

Jadin alleges that Ward Manufacturing never told him it was terminating his employment. (ECF No. 1 at 3.) Jadin alleges that his "position was protected through FMLA paperwork" which he filed in 2016. (*Id.*) Jadin did not learn that Ward had terminated his employment until October 25, 2017, when, as part of his worker's compensation claim, he received his personnel file and saw a document stating that Ward Manufacturing had terminated his employment back on December 6, 2016. (ECF Nos. 1 at 2-3; 11-1 at 3.)

Jadin contends that another employee with a back injury received back therapy for three months and still works at Ward Manufacturing. (ECF No. 1 at 3.) Jadin asserts he was treated differently for the same ailment. (*Id*.)

Jaden did not attach his ERD complaint to his federal court complaint, nor does he state when he filed his ERD complaint. However, the ERD complaint is attached to Ward Manufacturing's motion to dismiss (ECF No. 11-1) and, as discussed below, can be considered by the court when ruling on the motion to dismiss. The ERD complaint is dated August 10, 2018. (*Id.* at 3.)

### III. Motion to Dismiss Standard

The defendants move to dismiss Jadin's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on the ground that "his disability discrimination claim is time-barred based on the allegations in [Jadin's] Complaint, and the administrative charge filed with the EEOC referred to in the

3

Complaint, being outside the 300-day window from the date [Jadin] filed his EEOC Charge." (ECF No. 9, ¶ 4.) The alleged untimeliness of Jadin's ERD complaint is an affirmative defense. *See* Fed. R. Civ. P. 12(c)(1). "Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. The mere presence of a potential affirmative defense does not render the claim for relief invalid." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). "But when all relevant facts are presented, the court may properly dismiss a case before discovery—typically through a Rule 12(c) Motion for Judgment on the Pleadings—on the basis of an affirmative defense." (*Id.*)

Although Ward Manufacturing's motion purports to be a motion to dismiss under Rule 12(b)(6), it really is a motion for judgment on the pleadings under Rule 12(c). But the proper characterization of the motion is of no consequence because a motion for judgment on the pleadings under Rule 12(c) "is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp., Inc.*, 778 F.3d 635, 639 (7th Cir. 2015). Therefore, to survive a motion for judgment on the pleadings, "the complaint must state a claim that is plausible on its face." *St. John v. Cach, LLC*, 822 F.3d 388, 389 (7th Cir. 2016) (quoting *Vinson v. Vermilion Cty.*, 776 F.3d 924, 928 (7th Cir. 2015)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

4

778 F.3d at 639. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014); *St. John*, 822 F.3d at 388.

Although "dismissing an action as untimely at the pleading stage is unusual, [the Court of Appeals for the Seventh Circuit] [has] held that a district court may so proceed under Rule 12(b)(6) if the plaintiff pleads herself out of court by making allegations that conclusively establish the action's untimeliness." *Grzanecki v. Bravo Cucina Italiana*, 408 Fed. Appx. 993, 996 (7th Cir. 2011) (unpublished) (citing *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)).

### IV. Analysis

The Americans with Disabilities Act (ADA) adopts the procedures governing Title VII actions for any person alleging disability discrimination concerning employment. 42 U.S.C. § 12117(a). Therefore, before challenging an unlawful employment practice under the ADA, an employee must first timely file a complaint with the EEOC or ERD. "Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008); *see also* 42 U.S.C. § 2000e-5(e)(1).

5

In support of their motion the defendants filed a declaration of Luis Arroyo, one of their attorneys, attached to which are eight documents: an August 10, 2018 ERD complaint (ECF No. 11-1); a December 28, 2018 ERD Preliminary Determination and Order (ECF No. 11-2); an August 12, 2019 ERD Final Decision and Order (ECF No. 11-3); a September 6, 2019 EEOC Notice of Right to a Review (ECF No. 11-4); a March 18, 2020 Waiver of Service of Summons (ECF No. 11-5); passages from Jadin's August 16, 2017 workers' compensation hearing transcript (ECF No. 11-6); a February 2, 2017 vocational expert report (ECF No. 11-7); and an October 19, 2017 personnel file record request (ECF No. 11-8). As a preliminary matter, the court must decide whether it may consider these documents when ruling on the defendants' motion.

A motion to dismiss a complaint under Rule 12(b)(6) or for judgment on the pleadings under Rule 12(c) generally precludes consideration of matters outside of the pleadings. *See* Fed. R. Civ. P. 12(d). Having said that, the Court of Appeals for the Seventh Circuit has

> taken a broader view of documents that may be considered on a motion to dismiss, noting that a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice.

*Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Documents that are "central to the complaint and are referred to in it" are appropriate to consider on a motion to dismiss when the respondent relies on the documents and does not indicate that "the documents

6

are not genuine or that they are falsified in some way." (*Id.*). This narrow exception "prevents a plaintiff from 'evad[ing] dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that prove[s] his claim has no merit.'" *Brownmark Films*, 682 F.3d at 690 (quoting *Tierney, v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002)) (alterations in original).

Jadin's complaint states that he "filed the [ERD] discrimination complaint within the statute of limitations of when [he] was aware." (ECF No. 1 at 3.) In addition, Jadin has attached the Dismissal and Notice of Rights to his complaint, which notice refers to the ERD complaint when it notes that Jadin's "charge was not timely filed with the EEOC." (ECF No. 1-1 at 1.) Thus, the ERD complaint is clearly central to this action.

Jadin does not dispute that he filed the ERD complaint on August 10, 2018, nor does he allege that the ERD complaint attached to the motion to dismiss is falsified or not genuine. Therefore, it is appropriate for the court to consider the ERD complaint when considering the motion to dismiss even though it was not attached to the complaint filed in this action. *See Brownmark Films*, 682 F.3d at 690 ("It is well settled that in deciding a Rule 12(b)(6) motion, a court may consider 'documents attached to a motion to dismiss … if they are referred to in the plaintiff's complaint and are central to his claim.'")

A court may consider, for limited purposes, records of prior administrative or judicial proceedings under Federal Rule of Evidence 201(b)(2). *Woltring v. Specialized Loan Servicing, LLC*, No. 14-CV-222, 2014 U.S. Dist. LEXIS 81433, at *4 (E.D. Wis. June 16, 2014);

7

*see also Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (considering public records for the purpose of a motion to dismiss under Rule 12(b)(6)). Judicial notice in such situations extends to objective matters, such as when a proceeding was initiated or what was alleged in a pleading. *Woltring,* 2014 U.S. Dist. LEXIS 81433 at *4-*5. However, it may not be appropriate under the guise of judicial notice to accept material facts as true simply because they were contained in those documents. *Id.*; *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (finding judicial notice appropriate for "facts readily ascertainable from the public record and not subject to reasonable dispute.") "Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016). Even court records may be subject to reasonable dispute and therefore not judicially noticeable. *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (finding the date of respondent's arrest and whether he was taken before a judge subject to reasonable dispute when the respondent swears under penalty of perjury they are false).

Ward Manufacturing submits passages from Jadin's August 16, 2017 workers' compensation hearing transcript (ECF No. 11-6) and a February 2, 2017 vocational expert report (ECF No. 11-7) in support of its motion to dismiss. These documents persuasively suggest that Ward knew that he was not employed by Ward Manufacturing long before October 2017.

However, these are not objective matters, but rather are material facts subject to dispute. Jadin asserts that defendants' counsel is "twisting [his] words" from the worker's

8

compensation hearing, so they are subject to reasonable dispute. (ECF No. 15 at 2.) These documents are not judicially noticeable. They are also not central to the complaint or referred to in it. (ECF No. 1.) Therefore, the court may not consider these documents on the motion to dismiss.

The 300-day statute of limitations begins to run on the date "of the alleged unlawful employment practice." *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 839 (7th Cir. 2014). It begins when the employer "communicates an adverse employment decision to the employee." *Wrolstad v. Cuna Mut. Ins. Soc'y*, 911 F.3d 450, 456 (7th Cir. 2018) (citing *Gustovich v. AT&T Communs., Inc.*, 972 F.2d 845, 847 (7th Cir. 1992). In his complaint Jadin alleges that his ERD complaint was timely because he "filed the discrimination complaint within the statute of limitations of when [he] was aware." (ECF No. 1 at 3.) Jadin alleges he was not aware that "Ward M[anufacturing] sent the unemployment office a separation notice to the state" until October 25, 2017. (*Id.* at 2.) In response to the motion to dismiss Jadin asserts that the statute of limitations clock began to run on October 25, 2017, because that was the first time he saw the separation notice in writing. (ECF No. 15 at 2–3.)

The statute of limitations began to run when Jadin became aware that Ward Manufacturing terminated his employment. *Bass*, 746 F.3d at 839 (7th Cir. 2014); *Wrolstad*, 911 F.3d at 456 (citing *Gustovich*, 972 F.2d at 847). Jadin filed the ERD complaint on August 10, 2018, 290 days after he says he knew of the adverse employment action. Although

9

Ward Manufacturing may be able to prove at a later date that Jadin knew much sooner than he now says he knew that his employment with Ward Manufacturing had ended, for purposes of the present motion Jadin's ERD complaint was timely.

The defendants also argue that Jadin's complaint fails to state a claim against defendants Matt Hirst and Wendy Panaro, employees of Ward Manufacturing. (ECF No. 10 at 9-10.) Jadin did not reply to this argument. (ECF No. 15.) The ADA does not impose individual liability on agents as "employers." *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995); *Passananti v. Cook Cty.*, 689 F.3d 655, 677 (7th Cir. 2012). Therefore, Jadin fails to state a claim against Hirst and Panaro, who will be dismissed as defendants.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the defendants' motion to dismiss (ECF No. 9) is **denied in part** and **granted in part.**

Dated at Milwaukee, Wisconsin this 31st day of August, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge